## THOMAS v. TOWN OF MOULTRIEVILLE.

TAX—POLICE POWER—MOULTRIEVILLE—CONSTITUTION.—The tax of $8 per annum imposed by the town council of Moultrieville upon each lot owner, "for the purpose of keeping in proper order the streets, ways, beaches, and commons of the island, and health of the same," is authorized by its charter, is a police regulation, and is constitutional.

Before TOWNSEND, J., Charleston, April, 1897. Affirmed.

Action by Wm. M. Thomas *v.* Town Council of Moultrieville. Judgment for defendant. Appellant appeals.

*Mr. Wm. M. Thomas,* for appellant, cites: 4 S. C., 376; 42 S. C., 293; 12 Rich., 132.

*Mr. J. E. Burke,* contra, cites: Art. 1, sec. 36, Con. 1868; Rev. Stat., 1194, 656; 16 Stat., 152, 359; 4 S. C., 403; 6 S. C., 1; 21 S. C., 318; Con. 1868, art. XIV., sec. 8.

March 30, 1898. The opinion of the Court was delivered by

Mr. Justice Pope.   The plaintiff, being the owner of a lot in the town of Moultrieville, in this State, and having been assessed by the defendant to pay a tax of $8 for each of the last two years, 1895 and 1896, and an execution to collect the same having been issued by said town, complainant alleges that such execution casts a cloud upon his title, is illegal for not being assessed according to value, and seeks an injunction against the said town in its attempt now or hereafter to collect the same.   The defendant, for answer, alleged that by its charter it was empowered by the General Assembly to levy such tax, and by an amendment to its charter in January, 1895, to issue an execution for the collection of the same.   That such acts are constitutional, and that the Circuit Court has no power to enjoin the collection of such taxes, but that the plaintiff's sole remedy was to pay the tax under protest, and then bring his action for the recovery of the same.

The cause came on to be heard before Judge Townsend, and on the 9th April, 1897, he filed his decree, wherein he held that the tax 'in question was not an assessment on property, but an assessment against the owner of a lot for road duty, which assessment is not fixed by value of the property (lot) owned; the tax is to preserve the road leading to the lot of plaintiff; the act empowering this tax allows the owner of the lot to pay the tax or to work it out, just as other road laws provide.   He, therefore, held the acts in question constitutional, and dismissed the complaint.

The plaintiff now appeals on the following exception: "That the Court erred in holding that the assessment was not on property, but on the owner thereof, and was not a tax in violation of the Constitution.   We will now pass upon the appeal.   The act of the General Assembly passed in 1876 (16 vol. of Stat. at Large, 152 and 153), in its preamble, recites: "Whereas, the lands of Sullivan's Island have been set apart for such citizens of this State as may resort thereto for the purposes of health, and to this end have been placed under the regulation of the town council

of Moultrieville; and whereas, in order to secure the purposes for which the said lands have been so set apart, it is essential that the said town council should be empowered to secure such means as may be necessary to carry out the ends proposed.   1. * * * That the town council of Moultrieville be, and they are hereby, authorized by ordinance, to assess each lot owner on said island, for each and every lot possessed by him or her, such sum or sums of money, not exceeding $10 for each lot, as the said town council may deem necessary, for the purposes of keeping in proper order the streets, ways, beaches, and commons of the island, and the health of the same."   Sec. 2 provides that such assessment shall be in lieu of road duty.   Sec. 3 provides that any lot owner may work out the amount assessed. Sec. 4 provides that in case of default in paying the assessment, the town council in question might sue for the same. An act of the General Assembly of this State was approved on 5th January, 1895 (21 vol. Stat. at Large, 940), whereby the town council of Moultrieville was empowered to collect taxes on assessments levied by the town, not only by suit in the courts, but also by the process usually incident to execution upon property for the collection of State and county taxes, and such taxes or assessments were declared a lien upon lots owned by defaulters, for two years. An ordinance has been passed in each of the years 1895 and 1896, by the town council of Moultrieville, assessing each lot owner the sum of $8.   The plaintiff was such lot owner in the years 1895 and 1896.   The assessment levied in 1895 will fall under the Constitution of 1868, while that levied in 1896 will fall under the new Constitution.   It happens, however, that the provisions of each Constitution are similar.   Art. I., section 36, of Constitution adopted in the year 1868, is in these words: "All property subject to taxation shall be taxed in proportion to its value."   Art. III., section 29, of Constitution adopted in the year 1895, is in these words: "All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed as the

same shall be ascertained by an assessment made for the purpose of laying such tax." It seems to us that the intention of the legislature, which is the resolution adopted by it on 31st January, 1791, and by which a permission was given to any citizen of the State, who might so desire and think it beneficial to health, to occupy one-half of one acre on Sullivan's Island, which was the property of the State of South Carolina, so long as said occupant kept a dwelling house on the one-half acre, very clearly was to provide a means of the better preservation of its people. So, therefore, when the legislature devolved the care of these houses and lots upon the municipal corporation known as the town council of Moultrieville, it made special reference to the legislative object or purpose in granting to the citizens of the State the right to build homes on not more than a half acre to each citizen, in the preamble to the act passed in the year 1876, which we have already quoted. Any provision of law, looking to the object originally had by the legislature, which is evidenced by the act passed, would, it seems to us, be proper. When the town council of Moultrieville required each owner of a lot to pay the sum of $8 to keep up the streets, ways, beach, commons, &c., it was strictly within its chartered rights. This in no wise contravenes the Constitutions of 1868 or 1895. It is not a tax upon property. It seems to us to belong to the exercise of the police power, and as this police power is viewed in *McCandless* v. *R. R. Co.*, 38 S. C., 103, it is clearly within the same, relating, as it does, to the public health. It is quite true, as is most ingeniously and strongly put in the argument of the appellant, that it looks like a tax; but yet, under several adjudications by this Court, it has been held that a distinction exists between assessments, for instance, as a special tax paid by employments—such as lawyers, merchants, banks, railroads, &c.—and the taxes as laid upon property, which latter must follow the directions of the Constitution. We are not disposed at this late day to over-

rule *State* v. *Hayne*, 4 S. C., 403; *State* v. *City of Colum-bia*, 6 S. C., 1; *State* v. *Oliver*, 21 S. C., 318.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.